UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZAMBEZIA FILM (Pty.) LTD., <br><br>  Plaintiff, <br><br>  v. <br><br> DOES 1 - 57, <br><br>  Defendants. | Case No. C13-0318RSL <br><br> ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS |

This action was filed on February 18, 2013. It is one of forty-eight copyright infringement actions filed during a four month period by attorney Richard J. Symmes against approximately 2,323 individual Doe defendants. The fifty-seven defendants in this case are represented by IP addresses linked to on-line sharing of the movie "Adventures in Zambezia" between 3:03 am on October 7, 2012, and 5:18 am on January 7, 2013. Although the evidence of internet activity shows that hours, if not days, separated each defendant's allegedly infringing conduct, plaintiff alleges that all fifty-seven defendants participated in a single "swarm" utilizing interactive peer-to-peer file transfer technology protocol called a BitTorrent to illegally copy and share "Adventures in Zambezia." Plaintiff affirmatively alleges that the "swarm" aspect of the file-sharing justifies joinder of these disparate defendants in a single lawsuit.

1          On February 22, 2013, the Court granted plaintiff's motion to initiate early
2  discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45 to internet
3  service providers, in an attempt to identify each Doe defendant. Only three defendants
4  have filed objections to the subpoenas. Despite the fact that more than two months have
5  elapsed since discovery was authorized, there is no indication that any defendants have
6  been served,[1] nor has plaintiff amended its complaint to identify the Doe defendants.
7          All BitTorrent cases filed in the Western District of Washington have been
8  referred to the undersigned for pretrial handling. As the full extent of this assignment has
9  become clear, the Court admits to some concerns regarding both the appropriateness of
10 joinder and the possibility that the judicial authority of the United States may be used to
11 wrest improvident settlements from pro se litigants under threat of huge statutory
12 penalties. The Court is not alone: other judicial officers in the Ninth Circuit are beset by
13 the same concerns and have taken various paths to mitigate the potential for abuse. See,
14 e.g., Ingenuity 13 LLC v. John Doe, No. 2:12-cv-9333-ODW(JCx) (C.D. Cal. May 6,
15 2013); Voltage Pictures, LLC v. Does 1-12, No. 2:13-292-AA (D. Or. May 4, 2013).
16         Having reviewed the record in this and related cases as well as the relevant
17 case law, it is hereby ORDERED as follows:
18    1. Any and all subpoenas issued in the above-captioned matter are hereby
19 QUASHED. Plaintiff shall immediately notify the subpoena recipients that they need not
20 respond.
21    2. To the extent plaintiff has obtained identifying information regarding one or
22 more Doe defendants, whether through the service provider, defendant, or another source,
23 it shall not utilize that information in any way. If plaintiff has already contacted one or

---

[1] One defendant has filed an answer (Dkt. # 16), but there is no indication that she became aware of this litigation through personal service.

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 2

1  more of the defendants, it shall file under seal all correspondence or other written
2  communications (including emails) sent to defendants and a summary of any oral
3  communications.  Plaintiff shall refrain from any further oral or written communications
4  with defendants unless expressly approved by the Court in advance.

5  　　　　3.  Plaintiff shall, within fourteen days of the date of this Order, show cause why
6  the above-captioned matter should not be dismissed as to all defendants other than Doe 1
7  for improper joinder and/or pursuant to the Court's inherent authority to control its
8  docket.

9  　　　　4.  Plaintiff shall, within fourteen days of the date of this Order, provide additional
10 information regarding (a) Zambezia Film (Pty.) Ltd.'s ownership of the copyright at issue
11 and (b) Zambezia Film (Pty,) Ltd.'s direct and indirect members/owners/stakeholders.
12 Plaintiff shall provide a copy of any and all transfer statements and/or work-for-hire
13 agreements supporting a determination that Zambezia Film (Pty.) Ltd. has standing to
14 pursue this action.  Plaintiff shall also supplement the corporate disclosure statement filed
15 in this action (Dkt. # 2) by providing the registration information for Zambezia Film
16 (Pty.) Ltd. maintained by the Secretary of State and identifying all members/owners/
17 stakeholders of Zambezia Film (Pty.) Ltd., both direct and indirect, in the form of an
18 organizational tree that reaches back far enough to reveal all individual members/owners/
19 stakeholders and publicly-traded corporations.

20 　　　　5.  With the exception of the actions specifically set forth in this Order, the above-
21 captioned matter is hereby STAYED.

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 3

1    The Clerk of Court is directed to place this Order to Show Cause on the
2 Court's calendar for Friday, May 24, 2013.

4    Dated this 10th day of May, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE
AND QUASHING SUBPOENAS - 4